UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERESA SMITH,<br><br>            Plaintiff,<br><br>      v.<br><br>SAN JOAQUIN COUNTY MENTAL HEALTH SERVICES, ET AL.,<br><br>            Defendants. | No.  2:16-cv-00884-TLN-KJN<br><br>**ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER AND DISMISSING CASE FOR LACK OF SUBJECT MATTER JURISDICTION** |

This matter is before the Court pursuant to Plaintiff Teresa Smith's ("Plaintiff") motion for temporary restraining order. (ECF No. 3.)  For the reasons set forth below, Plaintiff's motion is hereby DENIED.

**I.     FACTUAL BACKGROUND**

Plaintiff alleges that she has been harassed daily by Defendants San Joaquin County Mental Health Services, San Joaquin County Human Services, Stockton Social Security Office, and St. Joseph's Medical Center (collectively referred to as "Defendants") for the past five years. (Compl., ECF No. 1 at 7.)  Essentially, Plaintiff argues that she is being attacked and targeted by Defendants. (ECF No. 1 at 9.)  Plaintiff's allegations include statements that Defendants: tailgated Plaintiff "with harm riding under [her] bumper"; drugged Plaintiff; asked Plaintiff's child if Plaintiff beat him; defamed Plaintiff; and killed her five-year old child. (ECF No. 1.)

1

Plaintiff asserts that if the Court does not intervene she is likely to be killed by the county which is acting like a cult.  (ECF No. 1 at 10.)

Plaintiff's complaint alleges harassment throughout, but fails to delineate any specific causes of action.  Plaintiff's complaint also fails to address the basis for federal court jurisdiction.

## II.      LEGAL STANDARD

A temporary restraining order is an extraordinary and temporary "fix" that the court may issue without notice to the adverse party if, in an affidavit or verified complaint, the movant "clearly show[s] that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Fed. R. Civ. P. 65(b)(1)(A).  The purpose of a temporary restraining order is to preserve the status quo pending a fuller hearing.  *See* Fed. R. Civ. P. 65.  It is the practice of this district to construe a motion for temporary restraining order as a motion for preliminary injunction.  Local Rule 231(a); *see also Aiello v. One West Bank*, No. 2:10–cv–0227–GEB–EFB, 2010 WL 406092 at *1 (E.D. Cal. Jan. 29, 2010) ("Temporary restraining orders are governed by the same standard applicable to preliminary injunctions.") (internal quotation and citations omitted).

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief."  *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong,* 520 U.S. 968, 972 (1997) (per curiam)).  "The purpose of a preliminary injunction is merely *to preserve the relative positions* of the parties until a trial on the merits can be held."  *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981) (emphasis added); *see also Costa Mesa City Employee's Assn. v. City of Costa Mesa*, 209 Cal. App. 4th 298, 305 (2012) ("The purpose of such an order is to preserve the status quo until a final determination following a trial.") (internal quotation marks omitted); *GoTo.com, Inc. v. Walt Disney, Co.*, 202 F.3d 1199, 1210 (9th Cir. 2000) ("The status quo ante litem refers not simply to any situation before the filing of a lawsuit, but instead to the last uncontested status which preceded the pending controversy.") (internal quotation marks omitted).  In cases where the movant seeks to alter the status quo, preliminary injunction is disfavored and a higher level of scrutiny must apply.  *Schrier v. University of Co.*, 427 F.3d 1253, 1259 (10th Cir. 2005).  Preliminary injunction is not automatically denied simply because

the movant seeks to alter the status quo, but instead the movant must meet heightened scrutiny. *Tom Doherty Associates, Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33–34 (2d Cir. 1995).

"A plaintiff seeking a preliminary injunction must establish [1] that he is likely to succeed on the merits, [2] that he is likely to suffer irreparable harm in the absence of preliminary relief, [3] that the balance of equities tips in his favor, and [4] that an injunction is in the public interest." *Winter*, 555 U.S. at 20. A plaintiff must "make a showing on all four prongs" of the *Winter* test to obtain a preliminary injunction. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011). In evaluating a plaintiff's motion for preliminary injunction, a district court may weigh the plaintiff's showings on the *Winter* elements using a sliding-scale approach. *Id.* A stronger showing on the balance of the hardships may support issuing a preliminary injunction even where the plaintiff shows that there are "serious questions on the merits . . . so long as the plaintiff also shows that there is a likelihood of irreparable injury and that the injunction is in the public interest." *Id.* Simply put, Plaintiff must demonstrate, "that [if] *serious* questions going to the merits were raised [then] the balance of hardships [must] tip[] *sharply* in the plaintiff's favor," in order to succeed in a request for preliminary injunction. *Id.* at 1134–35 (emphasis added).

**III.   ANALYSIS**

For the reasons stated below, the Court finds that Plaintiff has not established that this Court has subject matter jurisdiction. Furthermore, even in the event that subject matter jurisdiction was established, the first two *Winter* factors do not support granting relief. Thus, the Court need not address the remaining factors as Plaintiff has not met her burden for injunctive relief. *See Alliance for the Wild Rockies*, 632 F.3d at 1135 (stating that the *Winter* test requires a plaintiff to "make a showing on all four prongs").

A. <u>Subject Matter Jurisdiction</u>

"Federal district courts are courts of limited jurisdiction; they possess only that power authorized by Constitution and Statute, which is not to be expanded by judicial decree." *City of Oakland v. Holder*, 901 F. Supp. 2d 1188, 1191 (N.D. Cal. 2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)) (internal quotations omitted). As such, federal district courts must "presume[ ] that a cause lies outside this limited jurisdiction, ..." *Kokkonen*,

511 U.S. at 377. The burden of establishing that a federal district court has jurisdiction over a particular controversy rests upon the party asserting jurisdiction, for example, the party removing an action from state court to federal court. *Id.* Federal courts generally have subject matter jurisdiction over three forms of actions: those involving diversity of citizenship, a federal question, or to which the United States is a party. A party asserting subject matter jurisdiction on the basis of diversity has the burden of demonstrating that there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a).

A Federal District "court may raise the question of subject matter jurisdiction, *sua sponte*, at any time during the pendency of the action, ..." *Snell v. Cleveland*, 316 F.3d 822, 826 (9th Cir. 2002) (citing Fed. R. Civ. P. 12(h)(3)). If, at any time during the course of the litigation, the "court concludes that it lacks subject matter jurisdiction, the complaint must be dismissed"; or, where an action has been removed from state court, the matter may be remanded to the state court where the original complaint was filed. *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 502 (2006); Fed. R. Civ. P. 12(h)(3); 28 U.S.C. § 1447(e).

Here, Plaintiff has not pleaded any facts that would support even an inference that diversity jurisdiction exists. For example, Plaintiff alleges that she is from Macon Georgia, but does not say that she resides there. In fact, it seems that she has been residing in Stockton for at least the past five years since Plaintiff alleges that Defendants, which are all California government agencies, have been stalking her and harassing her for the past five years. Additionally, Plaintiff does not allege damages exceeding $75,000. Thus, Plaintiff has not met her burden of showing subject matter jurisdiction through diversity. Moreover, the Court is not convinced that Plaintiff has alleged a federal question.

Plaintiff states:

> I have been harassed tailgated in my car[.] Defamation of character harassed by San Joaquin government with hate the city of Stockton police is cruel to my family along with Mental health, child protected Service Welfare, Social Security, St. Joseph hospital I was drug [sic] a couple years back by Dr. Janson and he works for St. Joseph hospital he drugged me.

4

(ECF No. 1 at 5.)  Plaintiff's allegations seem to lie in tort law.  Although Plaintiff essentially alleges discrimination, she alleges it based on the Defendants' "hatred of her," not on any protected class basis.  Therefore, Plaintiff has not alleged a claim based on a federal question.  Although the Court need not address Plaintiff's request for temporary restraining order since the Plaintiff has not shown that this Court has subject matter jurisdiction over Plaintiff's claims, the Court addresses it below in the event that Plaintiff amends her complaint to allege a claim invoking a federal question.

### B. Likelihood of Success

At the outset, the Court notes that Plaintiff's complaint and briefing are replete with sweeping accusations that are not accompanied by facts to support them.  While Federal Rule of Civil Procedure 8(a) does not require detailed factual allegations, "it demands more than an unadorned, the defendant-unlawfully-harmed-me accusation."  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  A court "need not assume the truth of legal conclusions cast in the form of factual allegations."  *United States ex rel. Chunie v. Ringrose*, 788 F.2d 638, 643 n.2 (9th Cir. 1986).  Here, Plaintiff alleges harassment and one farfetched statement about people riding her bumper, but does not offer this Court factual assertions that are plausible or that would allow the Court to make inferences that would support a cause of action under Rule 8's pleading standard.  Thus, the Court is not convinced that Plaintiff could survive a motion to dismiss, let alone succeed on the merits of this case.  In addition, Plaintiff's motion fails to address the likelihood of success factor in her request for injunctive relief.  As such, this Court cannot find that Plaintiff is likely to succeed on the merits of this case, and this factor weighs in favor of denying injunctive relief.

### C. Irreparable Harm

A plaintiff seeking preliminary relief must demonstrate that irreparable injury is likely in the absence of an injunction.  *Winter*, 555 U.S. at 22; *see also Freedom Holdings, Inc. v. Spitzer*, 408 F3d 112, 114 (2nd Cir. 2005) (holding that irreparable injury is "the single most important prerequisite for the issuance of a preliminary injunction"); *Apple, Inc. v. Samsung Electronics Co., Ltd.*, 678 F3d 1314, 1325 (Fed. Cir. 2012) (holding that a movant must make a clear showing

1  of likelihood of irreparable harm).  To meet the irreparable harm requirement, a plaintiff must do
2  more than simply allege imminent harm; he or she must demonstrate it.  *Caribbean Marine Servs.*
3  *Co., Inc. v. Baldrige*, 844 F.2d 668, 674 (9th Cir. 1988).  Here, Plaintiff asserts that without
4  intervention from this Court she "is afraid that the county is going to kill [her] they act like a cult.
5  That is so Dangerous [her] life is at risk." (ECF No. 1 at 10.)  However, as this Court has
6  previously discussed, Plaintiff has not provided facts that would allow this Court to find that she
7  alleges a plausible claim or threat of harm.  Because Plaintiff has not provided a credible threat,
8  the Court cannot find that she has shown a likelihood of irreparable harm.  *See* Fed. R. Civ. P. 65
9  (stating that a temporary restraining order requires a party to provide "specific facts in an affidavit
10 or a verified complaint clearly show[ing] that immediate and irreparable injury, loss, or damage
11 will result to the movant before the adverse party can be heard in opposition").  Thus, the Court
12 finds that this factor weighs in favor of denying the sought relief.
13       Because Plaintiff has failed to show a likelihood of success or irreparable harm, the Court
14 need not address the other two *Winter* factors since Plaintiff cannot succeed under *Winter* or the
15 Ninth Circuit's sliding scale approach.  *See Winter*, 555 U.S. at 20; *Alliance for the Wild Rockies*,
16 632 F.3d at 1135 (*Winter* requires a plaintiff to make a showing on all of the *Winter* factors); *see*
17 *also Lopez v. Brewer*, 680 F.3d 1068, 1072 (9th Cir. 2012) (sliding scale approach requires a
18 likelihood of irreparable injury to the plaintiff).
19       **IV.    CONCLUSION**
20       For the foregoing reasons, this Court finds that injunctive relief at this juncture of the
21 litigation is not appropriate.  Moreover, the Court *sua sponte* dismisses Plaintiff's complaint for
22 lack of subject matter jurisdiction. As such, Plaintiff's Motion for Temporary Restraining Order
23 (ECF No. 3) is hereby DENIED and Plaintiff's complaint (ECF No. 1) is DISMISSED.  The
24 Clerk of Court is directed to close this case.
25       IT IS SO ORDERED.
26 Dated: April 29, 2016

_____
Troy L. Nunley
United States District Judge